■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES MICHELS, Appellant.— Four judgments of the County Court, Nassau County, each rendered June 22, 1967 upon defendant's plea of guilty, modified, on the law, by deferring imprisonment thereunder until termination of the sentence imposed by the District Court, Nassau County, on April 21, 1967, at which time defendant will be required to serve the sentences now under review in full, with due credit for time already served, as indicated herein. As so modified, judgments affirmed. No questions of fact were considered on this appeal. On April 21, 1967 the District Court, Nassau County, sentenced defendant to the custody of the Narcotic Addiction Control Commission for misdemeanors committed after April 1, 1967, and made an order of certification. (Cf. Mental Hygiene Law, §§ 207, 208.) He was placed in a rehabilitation or treatment center and was thereafter brought to the County Court, Nassau County, where on May 11, 1967 he withdrew his pleas of not guilty to four 1966 indictments and pleaded guilty to attempted possession of a narcotic drug as a felony under one of the indictments and to petit larceny under each of the other three indictments. On June 22, 1967 he appeared for sentence and objected to the imposition thereof on the ground that it would improperly interrupt his sentence to the custody of the Commission and would frustrate the rehabilitation program set up by the Mental Hygiene Law. The court imposed the sentences now under review, namely, a term of 1½ to 5 years for the felony and a term of one year for each petit larceny. All sentences were concurrent, and execution of the misdemeanor sentences was suspended, defendant being

placed on probation for three years. He is presently incarcerated under the sentence for the felony. In a criminal action the sentence is the judgment of conviction (*People* v. *Cioffi*, 1 N Y 2d 70, 72). Here defendant's certification to the care and custody of the Narcotic Addiction Control Commission was made in a criminal action and is deemed a judgment of conviction (Mental Hygiene Law, § 208, subd. 5). The period of his commitment commenced on April 21, 1967, when the order of certification was made (Mental Hygiene Law, § 208, subd. 4, par. a). Escape from a rehabilitation center is a misdemeanor (Mental Hygiene Law, § 211, subd. 2), and defendant's confinement therein is clearly imprisonment. No court or Judge has authority to interrupt a prisoner's sentence after imprisonment thereunder has commenced (*People ex rel. Rainone* v. *Murphy*, 1 N Y 2d 367, 373). We find no fault with the sentences as imposed by the County Court; we do find that defendant's immediate incarceration under the felony sentence was without authority in law, and hence the District Court sentence continued to run despite his incarceration under the County Court sentence. True, the commission has authority to discharge a defendant as rehabilitated prior to expiration of the three-year period (Mental Hygiene Law, § 208, subd. 4, par. a), but so far as the record discloses that was not done here. The commission does not have the power, by its own gratuitous act of delivering defendant to the County authorities for the service of a sentence imposed by the County Court, to interrupt the running of the District Court sentence (cf. *People ex rel. Kenny* v. *Jackson*, 4 N Y 2d 229, 233). Moreover, defendant's incarceration under the felony sentence frustrates the rehabilitation program established by the statute (see Mental Hygiene Law, § 200). Accordingly, defendant should be transferred from his present place of incarceration to the custody of the Narcotic Addiction Control Commission to serve the balance of the sentence imposed by the District Court on April 21, 1967, with due credit for all time served outside the custody of the commission from that date to the date of transfer, and upon termination of the District Court sentence defendant should be returned to State Prison to serve in full the sentence imposed by the County Court on June 22, 1967, with credit for the time already served thereunder up to the date of his return to the Narcotic Addiction Control Commission for the completion of his sentence under the prior conviction (cf. *People ex rel. Rainone* v. *Murphy*, 1 N Y 2d 367, 374, *supra*). Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.