Julian R. Hanley, J.
Petitioner was sentenced to the Narcotic Addiction Control Commission for a five-year term beginning October 12, 1972. He had proceeded through the course of narcotics treatment to the point where he was on aftercare status at Hasten Park in Buffalo, New York. Instead of letting him complete his NACC sentence, the State picked him up as a parole violator under his felony conviction of 1967 and imprisoned him in Attica Prison where he is now serving his felony sentence. The net effect of this maneuver between NACC and the Correction Department was to change petitioner’s narcotic sentence by administrative action, rather than by the sentencing court. The court that originally committed him to NACC for rehabilitation treatment did so because he was an addict. Simply because the Department of Correction may have arrived at a different idea as to the petitioner’s problem, did not give them the right to thwart the court’s narcotic sentence. (People ex rel. Sanchez v. Zelker, 70 Misc 2d 1008.)
In the Sanchez case the State took the inmate from actual confinement in NACC, rather than aftercare, and transferred *969 him to a State prison. The fact that Mack was treated on aftercare by NACC and not in actual confinement, does not change the fact that Mack was doing a NACC sentence at the time of the Attica transfer.
This court respectfully differs from the decision of People ex rel. Pettaway v. Zelker (70 Misc 2d 997) which held that an aftercare NACC patient could be arrested and put into State prison on another felony charge while he was on aftercare. The reasoning of that decision was that a prisoner on parole can be made to serve a different sentence and it is not an unlawful interruption of the first one.
NACC aftercare is not the same as parole. Aftercare is part of the treatment of a drug addict with an aftercare officer present and available to help the addict adjust to living responsibly within his community. The individual is subject to various physical and laboratory examinations from time to time. In addition NACC has the power to return the inmate at any time to one of its facilities whenever it is necessary. All of this is part of treatment.
Section 81.30 of the Mental Hygiene Law clearly points out this difference in aftercare and parole, stating:
“ The commission shall establish and conduct programs of care and supervision for drug dependent persons into which drug dependent persons who have completed a prescribed course of in-patient treatment may be placed upon the commission’s determination that any such drug dependent person will benefit by such supervision and aftercare treatment * * * The commission shall establish regulations and standards for release and aftercare placement of drug dependent persons. The commission shall have the power to order any drug dependent person from aftercare supervision to inpatient treatment.”
The whole purpose of the NACC program is treatment, the treatment and rehabilitation of addicts.
“ Experience has demonstrated that drug dependent persons can be rehabilitated and returned to. useful lives only through periods of treatment in a controlled environment followed by supervision in an aftercare program. The purpose of this article is to provide a comprehensive program of human renewal of drug dependent persons in rehabilitation centers and aftercare programs. The comprehensive program provided by this article is designed to assist the rehabilitation of drug dependent persons * * * The program is further designed to protect society against the social contagion of drug abuse and to meet the need of drug dependent persons for medical, psychological *970 and vocational rehabilitation, while safeguarding the liberty of individuals against undue interference. ’ ’ (Mental Hygiene Law, § 81.01, subd. [c], italics supplied.)
Petitioner was still doing his NACC sentence and was taking an active part in their narcotics treatment when the State interrupted this and abruptly whisked him off to Attica Prison. If one arm of the State is sincerely trying to rehabilitate this narcotic addict, how can another arm of the State take him from the program and lock him up in a State prisonf The result of this doubleplay is to stop all efforts at narcotics rehabilitation while the inmate is warehoused at Attica. This is not done by sentence of the court but by a transfer arranged by two administrative State agencies.
CPL 430.10 and its predecessor in the old Penal Law have always contained the provision that a sentence “ may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” (People ex rel. Rainone v. Murphy, 1 N Y 2d 367.)
Court decisions have been careful to preserve the rights of addicts to be treated as such. (People v. Fobbs, 40 A D 2d 551 [20]; People v. Blackman, 40 A D 2d 552; People v. Calderon, 40 A D 2d 553; People v. Bennet, 39 A D 2d 320; People v. Batson, 39 A D 2d 586; People v. Maranez, 39 A D 2d 589.)
To take a man from parole and start him on another felony sentence is simply to continue the same imprisonment that he has had. To take him from an unfinished narcotics treatment program and put him into prison is to end his “ medical, psychological and vocational rehabilitation ” treatment which was designed to .cure him and ‘‘ to protect society against the social contagion of drug abuse ”. Ending his NACC program before it is finished and putting him in prison is about as sensible as if a doctor took a man off penicillin before his infection was cured because he decided to give him aspirin for his arthritis.
If petitioner had been cured, NACC could have discharged him. (Mental Hygiene Law, §§ 81.30, 81.31.) NACC has never done this. In fact, there is a NACC detainer waiting for petitioner when he has finished his Attica sentence.
Since he was never discharged by NACC and was being kept by them under their narcotics addiction treatment program, his narcotics sentence was still in existence and he could not be transferred. (People v. Rios, 37 A D 2d 734 [24]; People v. Gilmore, 37 A D 2d 912 [32]; People v. Michaels, 30 A D 2d 666 [12].)
*971 Accordingly, it is
ordered, that the petition is granted and petitioner is ordered to be returned forthwith to his aftercare status under his existing NACC sentence, and released from Attica Correctional Facility immediately.