opinion of the court
Allan L. Winick, J.
The application made herein is for an order granting the petitioner permission to attend the funeral of his father in Kingston, Jamaica.
The petitioner was convicted on his plea of guilty to attempted grand larceny in the second degree, a class E felony, and was sentenced by a Judge of this court to serve a definite term of one year in the Nassau County Correctional Institution in East Meadow.
Subsequent to the commencement of his term of imprisonment, the petitioner was permitted to enter the “work release” program by the jail authorities, which allowed him to pursue his regular employment during the day, returning to the custody of the authorities after work and on weekends.
Upon the death of his father and desiring to attend the funeral in Kingston, Jamaica, he applied to this court by order to show cause for an order directing the warden of the county jail to permit him to make the journey for that purpose.
*329 The brother of the petitioner had made the necessary-travel arrangements and paid the expenses of the petitioner to enable him to fly to Kingston and return.
The petitioner is a naturalized citizen of the United States and owns a home in Nassau County.
The situation presents a novel clash between a sympathetic desire to assist the petitioner in performing his final filial duty to his father, the provisions of applicable statutes which restrict such desire, and the duty to enforce the law as set forth by the Legislature, the fountain of authority for the actions of the court.
In effect, the petitioner is asking this court to either interrupt the service of the sentence imposed, or, in some way, modify it so as to permit his attendance at the funeral.
At the outset, it should be noted that had the funeral situs been in Nassau County, no particular problem would have been encountered in making the necessary arrangements. Funeral orders have been made in the past and the prisoner has been accompanied by a member of the Sheriff’s department. It is the locale of this funeral that presents the problem.
Once sentence has been passed, a Judge of the sentencing court is bound by CPL 430.10. That statute reads as follows: “Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
Research does not reveal any precedent which would govern this particular situation. The language of CPL 430.10 indicates that except where otherwise specifically authorized by law, the sentence cannot be modified. The question then is what changes or modification are “otherwise specifically authorized by law”.
CPL article 440 sets forth a number of instances when such a modification can be made. For example, if there was a misunderstanding (People v Wetmore, 51 AD2d 591), a failure to advise defendant of his right to appeal (People v Miller, 44 AD2d 665), or fraud or trickery (People v Massa *330 line, 71 AD2d 981), a motion pursuant to CPL 440.10 can be entertained. But this is not the situation I have before me. Therefore, a motion to vacate under this section would be inapplicable.
When a court imposes a sentence of imprisonment, neither it nor any other court may collaterally alter such a sentence once the service of it has commenced (People v Ozarowski, 87 Misc 2d 607), nor may it be interrupted (People v Rios, 37 AD2d 734; People ex rel. Mack v Smith, 76 Misc 2d 968).
The defendant, after sentencing, came under the jurisdiction of the Sheriff’s Department of Nassau County. Upon examination of the Correction Law of the State of New York, it appears that section 113 would allow a State inmate to attend the funeral of his father within New York. In the instant situation, there are two problems that would prevent section 113 from being applicable: (1) the funeral is not within the State of New York and (2) the Nassau County Correctional Center is not under the jurisdiction nor operated by the New York State Department of Correctional Services. Subdivision 3 of section 855 of the Correction Law allows an inmate to make application for temporary release due to exigent circumstances. But this section, too, only applies to State-run correctional facilities. (Correction Law, § 851, subd 1.)
The argument was made that due to defendant’s participation in the “work release” program, defendant’s sentence becomes intermittent in nature and therefore article 85 of the Penal Law should apply. Section 85.05 of the Penal Law permits modification by the court in its discretion upon application of the defendant or by the court on its own motion. The definition of a sentence of intermittent imprisonment is found in subdivision 1 of section 85.00 of the Penal Law and is as follows: “A sentence of intermittent imprisonment is a revocable sentence of imprisonment to be served on days or during certain periods of days, or both, specified by the court as part of the sentence. A person who receives a sentence of intermittent imprisonment shall be incarcerated in the institution to which he is committed at such times as are specified by the court in the sentence.” This argument fails by the very wording of the statute. It *331 indicates that for a sentence to be considered intermittent, it must be specified by the court as part of the original sentence. This was not made part of the sentence; rather, the sentence was for a definite term of one year which is governed by subdivision 4 of section 70.00 of the Penal Law.
Extensive research of case law and statutory authority reveals an anomaly in the law. It seems that an inmate in a State-run institution can be released due to exigent circumstances, but not an inmate in an institution run by county authorities. This is a situation that the Legislature ought to consider because without such legislation, the hands of the county correction authorities and the court are tied. Furthermore, the Legislature might consider that section 113 and article 26 of the Correction Law are not consistent with respect to the authorizing agency for funeral leaves.
The motion is denied.