■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered April 15, 1983, convicting him of robbery in the second degree, after a nonjury trial, and sentencing him, as a persistent felony offender, to a term of imprisonment of 15 years to life.

Judgment affirmed.

Defendant contends that it was error to sentence him as a persistent felony offender because his commitment to the care and custody of the Narcotic Addiction Control Commission (NACC) for a maximum period of 60 months, pursuant to a 1973 conviction for robbery in the third degree, did not constitute "a term of imprisonment in excess of one year" as required by the persistent felony offender statute (Penal Law, § 70.10, subd 1, par [b], cl [i]). We do not agree. This court has previously held that such a sentence does constitute a term of imprisonment (*People v Rios,* 37 AD2d 734; *People v Michels,* 30 AD2d 666; see, also, *People v Wright,* 35 NY2d 944, cert den 423 US 856). Although the second felony offender (Penal Law, § 70.06, subd 1, par [b], cl [iii]) and persistent violent felony offender (Penal Law, § 70.08, subd 1, par [b]) provisions expressly designate commitment to a drug abuse facility as a "sentence", while the persistent felony offender provision does not, we do not perceive any indication that this omission was pursuant to a legislative determination to exclude an otherwise applicable NACC commitment from consideration pursuant to the persistent felony offender statute. The purpose of the persistent felony offender statute is to permit enhanced sentencing for persons who continue to commit serious crimes after having been subjected to repeated terms of imprisonment (*People v Morse,* 62 NY2d 205, 221), and we find that our interpretation is consistent with the expressed legislative object and purpose of the statute (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 95, 96; see also, § 240, p 414). Individuals who continue to commit serious crimes after failing to rehabilitate themselves under a qualifying NACC commitment must be subject to enhanced punishment in order to properly effectuate the goals of the persistent felony offender provision. We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.