█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LATHAM, Appellant, v. WARDEN, NEW YORK CITY REFORMATORY, Respondent.— Judgment, Supreme Court, Bronx County, entered on October 26, 1971, dismissing without prejudice relator's application for a writ of habeas corpus, unanimously reversed, on the law, and the matter remanded for a hearing. The relator was convicted of petit larceny in the Criminal Court, Kings County, and sentenced to one year in the New York City Reformatory at Rikers Island, Bronx County. The relator sought a writ of habeas corpus alleging in effect that the sentence should run concurrently instead of consecutively with another undisclosed conviction. The Supreme Court, Bronx County, issued a writ of habeas corpus returnable to that court. However, upon the return date the court, without any hearing on the merits, dismissed the application without prejudice stating that it "should be made in Brooklyn, not here in the Bronx." If by that statement the court concluded that it lacked jurisdiction, such was error. Under the CPLR (art. 70) a writ of habeas corpus shall be made in the county in which the petitioner is detained (CPLR 7002, subd. [b]) (see however 7002, subd. [b] par. 5). The petition therefore should not have been dismissed without a hearing. A full consideration of the merits must be had in order to determine what relief petitioner is entitled to and whether if his contentions are correct, he would be subject to immediate release. It might very well be that the petitioner has misconceived his remedy and that the proper procedure is a post-conviction motion pursuant to article 440 of the Criminal Procedure Law. (CPL 440.20 — Motion to set aside sentence.) Such motion must be made in the county where the judgment was entered. Accordingly, the relator might be well advised to discontinue this application and seek relief pursuant to the aforementioned provisions of the Criminal Procedure Law. Should it appear that petitioner's application is really of this character, dismissal of the writ would be proper. Concur — Stevens, P. J., McGivern, McNally, Steuer and Tilzer, JJ.