■ CAREL ALMO SERVICE INC., Respondent, v. ROBERT WEISSKOPF, Respondent. (Action No. 1.) ROBERT J. WEISSKOPF, Respondent, v. MANHATTAN DIRECT MAIL, INC., et al., Appellants. (Action No. 2.) — Order, Supreme Court, New York County, entered May 8, 1973, unanimously modified, on the law, so as to delete and vacate the third ordering paragraph of said order. As so modified, the order appealed from is otherwise affirmed, without costs and without disbursements. These actions had been consolidated by order of a Justice of the Supreme Court. No appeal was taken by either party from such order. We have held repeatedly under such circumstances that it is improper for a Justice of co-ordinate jurisdiction to overrule the action of the prior Justice (see, also, 1 Carmody-Wait 2d, New York Practice, § 2.64, p. 76). The actions should not have been severed. The fifth defense in Action No. 2 was properly stricken. Obviously, defendants in that action are not in a position to benefit by that defense even if plaintiff in such action violated its covenant with Carel Almo Service Inc. (Carel), though we do not now so hold. Defendants in Action No. 2 received benefits independent of Weisskopf's relationship with Carel, and were in no wise a party to any agreement between Carel and Weisskopf, nor the intended declared beneficiary of the same. The parties shall serve their respective bills of particulars on the other party within 20 days after service of a copy of the order entered herein, with notice of entry. In the event the parties are unable to agree upon the time and place for the taking of depositions, this court will entertain suggestions for the same. Settle order on notice to fix time and place for such depositions. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL BROWARNIK, Appellant. — Judgment, Supreme Court, New York County, rendered September 16, 1970, after a jury trial, unanimously affirmed, and the order of said court entered on May 8, 1973, denying defendant's motion for resentence, reversed, as a matter of discretion, and application remanded to Supreme Court. Defendant was convicted of conspiracy in the second degree and attempted grand larceny in the first degree after a jury trial. No error in the trial is complained of and the evidence supported the conviction. At sentence proof was submitted that defendant was suffering from a heart condition and that incarceration would prove fatal. Several stays of execution were granted. On March 18, 1972, the People moved to compel defendant to surrender and defendant cross-moved to reduce his sentence to probation. Sentence was again deferred to May 8, 1973. On this date no hearing was held but the court denied defendant's motion. A further stay was granted by this court. It is obvious from the above that despite defendant's condition at the time of conviction he has survived for some three years. A hearing should be had on his present condition and, if necessary a further examination by a cardiologist, and in the light of what eventuates a ruling made on the applications. It is patent that unless incarceration would probably cause defendant's death he should be made to serve the sentence. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Steuer, JJ.