Robert H. Ecker, J.
The People appeal from an order of the City Court of the City of Rensselaer, Rensselaer County, denying People’s motion to vacate the sentence imposed on January 17,1973 and to reinstate the original sentence imposed on December 7, 1972.
Defendant was convicted on December 7, 1972 following a trial without a jury and on the same day sentenced to the Rensselaer County Jail for a period of three months.
Defendant was released in the custody of his attorney pending appeal.
The time to appeal expired on January 8, 1973, and no notice of appeal was filed on defendant’s behalf.
On January 17,1973, the sentencing Judge on his own motion resentenced defendant to a fine of $50. The resentencing was without notice to the District Attorney or. to the attorney for the defendant.
On February 5, 1973, by motion returnable on February 15, 1973, the People moved pursuant to GPL 440.40 (subd. 1) to sét aside the sentence of January 17,1973, upon the ground that it was invalid as a matter of law and for an order directing the defendant to surrender himself forthwith to the City Court and thereupon be remanded to the Rensselaer County Jail to begin serving the sentence imposed by that court on December 7, 1972. That motion was denied and this appeal is from that denial.
The sentence of three months in the Rensselaer County Jail was legal and valid when imposed.
CPL 430.10 provides that where a sentence of imprisonment is in accordance with the law, that such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced. Here the defendant’s term or *887 period of sentence had not commenced. (Penal Law, § 70.30, subd. 2.)
The GPL is silent on the power of the court to change a legal sentence prior to the commencement of the term or period of the sentence.
GPL 440.20 gives the defendant the right to move to set aside a sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law and GPL 440.40 gives the People the right to move to set aside a sentence on the ground that it was invalid as a matter of law, but such motions must be on notice to the other party.
Under common law, it has been held that “ the court has power, within definitely prescribed limits, to reconsider its judgment and to vacate, modify or amend it by reducing or increasing sentence imposed, but such power must be exercised at the term or session of the court yj,t which the judgment was pronounced.” (Matter of Cedar, 240 App. Div. 182, 186, affd. 265 N. Y. 620; People v. Youell, 11 N. Y. S. 2d 390.)
Neither party here contends that the resentencing occurred at the term or session of the court at which the initial judgment was pronounced. Even if such power had been here .exercised at the same session or term of City Court, it would have been improper for the court to have resentenced except upon notice to both the defendant and the People affording them an opportunity to be heard.
The City Court having no power on January 17, 1973 to sua sponte modify by reduction the sentence previously imposed on December 7,1972, the sentence imposed on January 17,1973 was therefore invalid.
Accordingly, the judgment of January 17, 1973, sentencing the defendant to a fine of $50 is hereby reversed. The original judgment of the court made on December 7, 1972 sentencing the defendant to a term of imprisonment of three months in the Rensselaer County Jail, shall be reinstated by the City Court and the defendant remanded to the custody of the Sheriff of Rensselaer County.