George Beisheim, Jr., J.
Defendants move by order to show cause for an order resentencing the defendants and suspension of the execution of the reformatory sentence heretofore imposed by the Honorable Harold L. Wood, then Judge of the County Court, Westchester County, upon each of the defendants as a youthful offender.
These defendants together with five other codefendants, were all convicted for their joint participation on March 2, 1971, in an incident that resulted in the extensive and permanent physical injuries to the victim, one Salim Rabadi.
Following a joint nonjury trial, which ended on February 2, 1973, before the County Court of Westchester County, Honorable Harold L. Wood presiding, the court dismissed the reckless endangerment in the first degree, reckless endangerment in the second degree, and the menacing charges but convicted these defendants, as well as all codefendants, on the remaining counts of indictment No. 71-00526, to wit, two counts of assault in the second degree (Penal Law, § 120.05, subds 1, 2), also three counts of possession of a dangerous weapon (Penal Law, § 265.05, subd 9, renum § 265.01, subd [2], L 1974, ch 1041, § 3), also one count of criminal trespass in the third degree (Penal Law, § 140.10), also one count of conspiracy in the third degree (Penal Law, § 105.05).
Defendants Russell DePasquale, Thomas O’Neill, Thomas Ozarowski, Martin Miller and Roger Santavicca were each sentenced to a reformatory sentence on April 9, 1973. Defendants Marc Zakarin, Philip Benenati and Richard Strome were each placed on probation on that same date, April 9, 1973. All defendants were sentenced as youthful offenders (CPL art 720).
All defendants thus convicted, except Richard Strome, appealed their convictions to the Supreme Court, Appellate Division, Second Judicial Department. By its order of June 10, 1974, that court confirmed each such judgment of conviction and each of the defendants affected thereby appealed the court’s order of June 10, 1974, to the Court of Appeals. By its order of January 6, 1976, the Court of Appeals affirmed the Appellate Division in every respect (People v Ozarowski, 38 *609 NY2d 481). Thereafter, the defendants DePasquale, O’Neill, Ozarowski, Miller and Santavicca were directed to surrender themselves pursuant to the original judgment of the Westchester County Court of April 9, 1973, to commence service of sentence imposed.
The defendants Ozarowski, Santavicca and Miller, along with some of the others, are now petitioning this court for a resentencing and suspension of the reformatory sentence. They urge this court that the sentence imposed by Judge Wood will no longer be effective for the purpose for which it was originally intended and, therefore, defendants should be resentenced.
This court is mindful of some very basic factual aspects of this case, including
1. It was never charged that any of these defendants personally, physically caused any injury to anyone. It is conceded that the single devastating blow to the victim was wielded by a 15-year-old minor against whom criminal charges could not be brought and who was not imprisoned as a result of his act.
2. None of these defendants has ever been charged with or convicted of any crime or violation of law other than the instant offense.
3. Defendant Ozarowski shows that he is now a mature adult who appears before the court and he offers his record of life style during the past five years as proof of the fact that he is now a useful, hard working and well-intentioned citizen who has complete anguish and sorrow over the victim’s plight. Further, he shows that, upon leaving high school, he attended a business school and has since then been steadily and gainfully employed. In addition, he is now a married man. The impressive list of character references and letters makes it clear that many people have confidence and respect for his integrity, maturity and sense of responsibility.
4. Defendant Miller attended business school after high school and has been continually and responsibly employed since then. The numerous letters of recommendation submitted on his behalf reflect the esteem in which he is held by many people despite the present situation.
5. Defendant Santavicca graduated from high school and attended college. He too has been regularly employed and submits several letters of recommendation from teachers and employers, among others, attesting to his good character.
*610 The court can well understand the point of view set forth by each of the respective defendants. However, the court is equally mindful of certain legal aspects of this case which effectively removed all manner and degree of discretion available to the court in connection with defendants’ present application.
Honorable Harold L. Wood, the original sentencing Judge, is no longer a Westchester County Court Judge and, therefore, this present motion cannot be referred to him. A civil or criminal action in a court of record is not discontinued by a vacancy or change in the Judges of the court but must be continued, heard and determined by the court as constituted at the time of the hearing or determination (Judiciary Law, § 7-a). Generally, the powers of a Judge of the court terminate when he ceases to be a Judge or when his office or term of office expires. (People v Poole, 133 NYS2d 465.) A Judge out of office has no power to decide an issue or motion in connection with a matter that was before him while he was serving as a Judge. (Salina Constr. & Supply Co. v Richards Constr. Co., 104 NYS2d 96.) Concededly, Judge Wood no longer has any basis or authority to reconsider the sentence he originally imposed on April 9, 1973. The next obvious question then is whether any of the presently serving Westchester County Court Judges, or this court as Deputy Administrative Judge of all Westchester County Courts, has the power and/or authority to alter a sentence previously imposed. CPL 430.10 provides that "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
When a court legally imposes a sentence of imprisonment, neither it nor any other court may collaterally alter such a sentence once service of it has commenced. A reformatory period commences when the young adult is received in an institution under the jurisdiction of the State Department of Correction. (Penal Law, § 75.10, subd 1, as in effect on April 9, 1973.) Execution of Judge Wood's sentence has been stayed all throughout the appellate process, and it is, therefore, not disputed that defendants’ sentence has not yet been commenced. The obvious remaining questions prompted by CPL 430.10 are
1. Was Judge Wood's sentence in accordance with law; and
*611 2. Can such sentence be changed, suspended or interrupted before the sentence is commenced? The former question is specifically answered by the Court of Appeals’ decision of January 6, 1976, which passed upon the legality of defendants’ sentence by stating "Nor was the trial court’s sentencing of the defendants as youthful offenders violative of their constitutional rights. Although article 75 of the Penal Law, pursuant to which it acted, has been repealed since the sentencing (L 1974, ch 652, as amd by L 1974, ch 653, § 7), its repeal did not affect sentences already imposed. (L 1974, ch 653, § 10.)” (People v Ozarowski, 38 NY2d 481, 492 supra.)
More specifically, the Court of Appeals affirmed the original sentence on two points which are extremely pertinent to the defendants’ instant application, namely, on the topics of excessiveness of sentence and constitutionality thereof. While CPL 440.20 (subd 1) allows defendant to bring motion at any time after the entry of judgment of conviction in the court in which the judgment was entered to set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law, that section is immediately followed by subdivision 2, which provides that the court must deny such motion when the ground or issue raised thereon was previously determined on the merits upon an appeal from the judgment of conviction or sentence. Obviously, the question of legality and constitutionality of both defendants’ conviction and sentence were prime points of consideration both before the Appellate Division and the Court of Appeals. As a result of the highest appeal court in the State of New York having affirmed both the judgment of conviction and sentence thereon, this court is now precluded as a matter of law from considering defendants’ present request insofar as it concerns the validity, legality and constitutionality of sentence, and this court must acknowledge that Judge Wood's original sentence was in accordance with law.
We now consider the second point raised by CPL 430.10, namely, whether such sentence can be changed, suspended or interrupted even though execution of such sentence has not yet actually commenced.
The CPL is silent on the power of the court to change a legal sentence prior to the commencement of the term or period of the sentence. Under common law, it has been held that "the court has power within definite prescribed limits to reconsider its judgment and to vacate, modify or amend it by *612 reducing or increasing sentence imposed, but such power must be exercised at the term or session of the court at which the judgment was pronounced". (Matter of Cedar, 240 App Div 182, 186, affd 265 NY 620; People v Youell, 11 NYS2d 390.) In People v Piela (79 Misc 2d 885), a sentence involving a three months’ term of imprisonment was changed during a subsequent term of the same court to a $50 fine before the defendant had commenced serving any sentence. While other factors were involved in that case, the court gave strong implication that a sentence of imprisonment in accordance with law when originally rendered should not be changed or altered by a subsequent term even of the same court. There, the original sentence of imprisonment was reinstated.
In conclusion, then, it would appear that, except in specific instances or under special circumstances, none of which encompass the defendant’s present application or factual situation, the Legislature of this State did not see fit to specifically empower the court to change a sentence which was legally authorized and valid when imposed. This element, combined with the fact that the time lapse since the original sentence caused by full pursuance of the entire appellate processes was the result of choice on the part of these defendants, together with the complete affirmation of the judgment of conviction and sentence thereon by the highest court in New York State, would make any change, alteration or resentencing by this court an unwarranted interference with the heretofore completed judicial proceedings concerning this case. Accordingly, this court declines to resentence or to order the resentencing of any of the defendants or to change the terms thereof or to suspend the execution of the reformatory sentence heretofore imposed by Honorable Harold L. Wood.
Further, it is the decision and order of this court that defendants Thomas Ozarowski, Roger Santavicca and Martin Miller, pursuant to CPL 460.50 (subd 5) are each directed to surrender himself to this court (Supreme Court, Criminal Term, Part I), County Courthouse, White Plains, N. Y., on Friday, July 16, 1976, at 9:30 a.m., in order that execution of the judgment against him shall be commenced.