OPINION OF THE COURT
Oscar Murov, J.
Defendant was found guilty following a nonjury trial of one count of bribery under section 200.00 of the Penal Law, and two counts of rewarding official misconduct under section 200.20 of the Penal Law. He was sentenced to three concurrent indeterminate térms, the longest of which was zero to five years. The defendant has been at liberty on stays of execution since then.
Defendant now moves to modify the sentence imposed on the ground that incarceration would aggravate his heart condition to such a degree as to cause his death. Initially, there is a procedural question whether the instant motion should lie at this time. CPL 430.10 provides that a sentence may not be changed "once the term or period of the sentence has commenced.” It is contended by the People, however, that defendant’s participation in the appellate process without *741 availing himself of the opportunity to raise the sentence issue on appeal may be viewed as the functional equivalent of commencement of sentence.
The Supreme Court of Westchester County in People v Ozarowski (87 Misc 2d 607) noted that the Criminal Procedure Law is silent on the power of the court to changé a legal sentence prior to its commencement and made reference to the common-law rule that any such modification of sentence must be effected at the term or session of the court at which the sentence was pronounced. There the court concluded by stating (p 612): "it would appear that, except in specific instances or under special circumstances, none of which encompass the defendant’s present application or factual situation, the Legislature of this State did not see fit to specifically empower the court to change a sentence which was legally authorized and valid when imposed. This element, combined with the fact that the time lapse since the original sentence caused by full pursuance of the entire appellate process was the result of choice on the part of these defendants, together with complete affirmation of the judgment of conviction and sentence thereon by the highest court in New York State, would make any change, alteration or resentencing by this court an unwarranted interference with the heretofore completed judicial proceedings concerning this case.”
The defendant, on the other hand, contends that the prohibition in New York against change of sentence is effective only after imprisonment has commenced and cites People v Canna (35 AD2d 1062). Subdivision 1 of section 70.30 of the Penal Law states: "An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services.”
CPL 430.10 provides: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
As to this issue, the court looks to the special circumstances of this situation and holds that the present motion should lie at this time. Defendant has been examined by several physicians. The testimony of Ejder Karabag, M.D., is most revealing. He states: "That I have been physician to David Rutkowsky intermittently since February 14, 1973 * * * Based upon *742 my long time care of Mr. Rutkowsky and my continued thorough examinations of him, there is no question but that his condition has continued to deteriorate. The possibility that Mr. Rutkowsky would even have to serve one day as a prisoner in a penal institution would cause the most severe likelihood and probability of his death. The physiological and psychological aspects of such an environment would act to cause results which would indeed be severely detrimental to my patient.” (Emphasis supplied.)
Research has disclosed very little authority in New York where defendant has sought resentencing on the basis of ill health. In People v Browarnik (42 AD2d 953), the Appellate Division remanded a similar matter to the trial court for a hearing on defendant’s condition and, if necessary, a further examination by a cardiologist. However, the court went on to state: "It is patent that unless incarceration would probably cause defendant’s death he should be made to serve the sentence.” (Emphasis supplied.) In Matter of Hennessy v Cunningham (57 AD2d 298), defendant knew at the time of sentencing that he was suffering from multiple sclerosis and did not bring that fact to the attention of his attorney or to the sentencing court and did not bring that fact to the attention of the court on appeal. The trial court should not, following affirmance by the Appellate Division, have granted a motion to vacate the sentence.
Because of the dearth of authority in this jurisdiction on this subject, the court also examined the law in many other jurisdictions. The highest court in the State of New Jersey in the case of State v Tumminello (70 NJ 187) recently held that where a defendant received a prison sentence after his first brush with the law and where, while he was free on bail, he had had toes removed as a result of diabetes and where his physical condition appeared to be deteriorating, the decision of whether or not to grant a motion for a reduction of sentence was within the motion Judge’s discretion under a statute similar to that of New York State’s (NJR 3:21-10) and should have been granted. Furthermore, the courts of the State of Arizona have also held that a defendant’s age and health are factors to be weighed in considering sentence reductions (State v Kovacevich, 26 Ariz App 216; see, also, State v Waldrip, 111 Ariz 516).
The court does not condone the conduct of the defendant and this decision is based solely on its facts. The court consid *743 ers defendant’s deteriorating physical condition to be of such a severe nature that the court grants defendant’s motion and instead of imposing a sentence of a period of incarceration determines that the imposition of fines would be adequate punishment for this defendant, since the crimes have as a root base greed and monetary considerations. The defendant is directed to appear before the court on Tuesday, November 20, 1979, at the Criminal Court Building, Riverhead, New York, for the purpose of being sentenced.