THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOHN L. HAUSWIRTH, Appellant.

Fourth Department, November 9, 1982

APPEARANCES OF COUNSEL

*Michael J. O'Brien* for appellant.

*Richard Hennessy, District Attorney* (*John Cirando* of counsel), for respondent.

### OPINION OF THE COURT

BOOMER, J.

The defendant appeals from a judgment of conviction, after trial, of the crimes of burglary in the second degree and attempted burglary in the second degree. The primary issue before us is whether the rule in *People v Rogers* (48 NY2d 167) should be extended to preclude noncustodial questioning by police of a suspect whom the police know is represented by counsel on an unrelated criminal matter.

In January of 1981, the defendant was arrested for criminal possession of stolen property and was arraigned in Town Court. At his arraignment he told the court he had retained an attorney, and he was released on bail. On

February 26, 1981, the Tarnawski home was burglarized and an attempt was made to burglarize the Iadanza home, in both cases while the occupants were attending funerals of their relatives. Kevin Radel was arrested for both crimes and he told the police that both he and the defendant had participated in the burglary and attempted burglary. Radel, upset that he had been arrested and defendant had not, was permitted by police to telephone the defendant. In the telephone conversation, which was recorded by the police, the defendant implicated himself in the February 26 burglary and burglary attempt.

The defendant moved unsuccessfully before trial to suppress the recording of the telephone conversation and the admissions he made during that conversation. The recording became a significant piece of evidence at trial corroborating the testimony of Radel, defendant's accomplice. Defendant claims that his right to counsel indelibly attached when he was arraigned on the prior charge and announced that he had retained counsel, and, therefore, he could not be interrogated by the police concerning the instant crimes, nor could the police circumvent his right to counsel by interrogating him through their agent, Radel.

The protection afforded the accused against police interrogation in the absence of counsel has been dramatically extended in recent years. It has been established that once an attorney enters the proceeding (*People v Hobson,* 39 NY2d 479), a defendant in custody may not waive his right to counsel in the absence of counsel and be questioned by police concerning matters on which he is represented or concerning the subject of the proceeding. The rule was subsequently expanded to preclude custodial questioning concerning crimes unrelated to those on which the defendant is represented (*People v Rogers,* 48 NY2d 167, *supra;* see, also, *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225; *People v Kazmarick,* 52 NY2d 322), and further expanded to preclude noncustodial questioning about the very same matters on which the defendant is represented (*People v Skinner,* 52 NY2d 24; see, also, *People v Knapp,* 57 NY2d 161; *People v Sanders,* 56 NY2d 51). It has not yet been expanded, as defendant urges, to

preclude noncustodial questioning concerning unrelated matters, and we see no logical justification for doing so.

In extending the rule to preclude custodial interrogation concerning unrelated matters, the *Rogers* court explained (p 173) that the extension represented "no great quantitative change in the protection we have extended to the individual as a shield against the awesome and sometimes coercive force of the State." "[T]he attorney's presence", the court stated, "serves to equalize the positions of the accused and sovereign, mitigating the coercive influence of the State and rendering it less overwhelming." (*People v Rogers,* 48 NY2d 167, 173, *supra.*) The rule precluding noncustodial questioning concerning the same matters on which a defendant is represented by counsel is founded upon a different rationale. Once an attorney is retained to represent a defendant on a matter, the police should not be permitted to render that representation ineffective by questioning the defendant about matters relating to the subject of the representation. Moreover, a criminal defendant should have the same protection as a civil litigant who has the benefit of "the ethical responsibility of attorneys in civil matters not to communicate on the subject of the representation with an individual known to be represented by an attorney on the matter". (*People v Skinner,* 52 NY2d 24, 29, *supra.*)

There is no sound basis for extending the Rogers rule to preclude noncustodial questioning about unrelated matters. Where the questioning is in a noncustodial setting, the State exerts no "overwhelming" "coercive influence" (*People v Rogers, supra,* p 173). And where the questioning concerns matters unrelated to those on which he is represented by counsel, the State does not interfere with the defendant's representation, nor does it breach the ethical rule proscribing direct communication, on the subject of the representation, with persons represented by counsel.

There is even less reason to extend the rule to this case where the police did not directly question the defendant. Certainly, the defendant was not influenced by the awesome power of Radel, his friend and accomplice. Nor did the police interfere with his representation by counsel on the prior charge of criminal possession of stolen property. That

prior charge was a separate and unrelated incident and Radel did not participate in it and he did not seek information about it.

Were we to preclude the indirect police inquiry in this case, we would, for no logical reason, be excluding from consideration by the jury, reliable evidence untainted by any possibility of police coercion. And for no logical reason we would be granting a special privilege to those who have had repeated contacts with the law, especially those who may commit crimes after having been released on bail.

Neither the protection against compulsory self incrimination, nor the constitutional right to be represented by counsel requires the result sought by defendant. By no stretch of the constitutional language of the Fifth and Sixth Amendments can it be said that the defendant in this case was "compelled" to give evidence against himself or that he was denied his right to assistance of counsel.

Even if the rule in *Rogers* (*supra*) were extended to preclude noncustodial interrogation by police upon unrelated matters, we would affirm. Here, Radel was not acting as an agent of the police when he spoke to the defendant on the telephone. It was his idea to make the call and the police were no more than passive auditors (*People v Cardona,* 41 NY2d 333, 335; *People v Dabney,* 75 AD2d 822; cf. *People v Knapp, supra; People v Mealer,* 57 NY2d 214).

Accordingly, the judgment of conviction should be affirmed.

HANCOCK, JR., DOERR, DENMAN and SCHNEPP, JJ., concur.

Judgment unanimously affirmed.