■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. SCHWARTZ, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for burglary in the third degree, defendant argues that his motion to suppress a written confession made to the Livingston County Sheriff should have been granted because he was detained in custody without probable cause (see *Dunaway v New York,* 442 US 200) and because the Sheriff knew (see *People v Rogers,* 48 NY2d 167) or should have known (see *People v Bartolomeo,* 53 NY2d 225) of defendant's representation on a robbery charge pending in Erie County. There is no merit to the claims because it cannot be said that the hearing court's conclusion that defendant was not in custody at the time he confessed was erroneous as a matter of law (see *People v Waymer,* 53 NY2d 1053, 1054; *People v Yukl,* 25 NY2d 585, 588, cert den 400 US 851). If a suspect is not in custody, the *Rogers-Bartolomeo* rule does not apply (see *People v Hauswirth,* 89 AD2d 357, affd 60 NY2d 904; *People v Torres,* 97 AD2d 802, 804; cf. *People v Skinner,* 52 NY2d 24). (Appeal from judgment of Livingston County Court, Houston, J. — burglary, third degree.) Present — Hancock, Jr., J. P., Callahan, Green, O'Donnell and Moule, JJ.