OPINION OF THE COURT
David B. Saxe, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment enjoining respondent New York City Department of Probation from enforcing certain conditions of probation imposed upon petitioner by the Village Court of Liberty, New York. Respondent cross-moves, pursuant to CPLR 7804 (f), to dismiss the application on the grounds that the petition fails to state a cause of action and that the proceeding is against an improper party.
Petitioner entered a plea of guilty to the charge of driving while intoxicated (Vehicle and Traffic Law § 1196) in the Liberty Village Justice Court in Sullivan County, New York. He was sentenced on January 17,1984 to three years’ probation and a fine of $360. At the time of his sentencing petitioner was not informed either orally or in writing of any special conditions to be complied with during his probation. Thereafter, petitioner returned to New York City and his probation supervision was transferred to the respondent. In March 1984 when he first reported to probation he was shown a copy of the order and conditions of probation-adult which were imposed in his absence on February 7, 1984 by the sentencing Village Judge. The conditions included: (1) attend alcohol and drug abuse services in his home county and follow any recommendations made until receiving a positive discharge, (2) mandatory enrollment and *907 successful completion of drinking driving program and (3) defendant is not to reapply for driver’s license without the consent of the supervising Probation Department.
Petitioner contends that the imposition of additional conditions in his absence, after sentence had already been imposed, constitutes an illegally modified sentence. Petitioner asserts that under CPL 410.10 (1) the conditions on a sentence of probation are to be enumerated at the time of sentence and that the petitioner is to be given a written copy of the conditions, and any enlargement of conditions thereafter must be made in the presence of the probationer as required by CPL 410.20 (1). Thus, he claims that the sentence, as it now stands, was imposed in an illegal manner and in derogation of his rights to a fair and public trial under the US Constitution 6th and 14th Amendments.
Respondent Probation Department maintains that an application in the nature of prohibition will not lie, there being other less drastic remedies available, which petitioner has not exhausted. Further, the respondent claims to be acting in a purely ministerial capacity and that petitioner’s grievance is really with the sentencing court, and, therefore, respondent is not a party from whom to obtain relief since it is not the party in interest. Respondent also urges that this matter is improperly before this court since it declined to supervise petitioner.
It is apparent from reading the petition and supporting papers that the essence of petitioner’s complaint is the need for correction of his allegedly illegal sentence. It is also clear that respondent is without authority to make such correction; only the court may impose conditions of probation. (CPL 410.10, 410.20; Penal Law § 65.00; People v Fuller, 57 NY2d 152.) The Probation Department serves only a ministerial function carrying out the mandates of the court. If petitioner is aggrieved, then his complaint is with the sentencing court, which had the duty to impose a proper sentence in the correct manner. His dispute is not with the court’s agent, the Department of Probation, which merely follows the court’s orders, but with the court itself.
Moreover, prohibition is an extraordinary remedy (Matter of Steingut v Gold, 42 NY2d 311; Matter of Root v Kapelman, 67 AD2d 131) which is seldom granted if other remedies are available. (Matter of Dondi v Jones, 40 NY2d 8, 14.) Here the appropriate remedy is an application, pursuant to CPL 440.20, to set aside an illegal sentence, made on notice to the District Attorney (see, CPL 440.30; People v Piela, 79 Misc 2d 885) in the *908 county in which sentence was originally imposed. (People ex rel. Latham v Warden, 39 AD2d 660.)
Petitioner argues that this court and not the court in Sullivan County has jurisdiction over petitioner’s probation now that the probation has been transferred and that this court may modify probation conditions under CPL 410.20 to correct the defective sentencing. CPL 410.80 grants the receiving county’s court only certain powers of the sentencing court. While CPL 410.80 permits a receiving court to modify or enlarge probation conditions under CPL 410.20, it does not, however, include correction of an illegal sentence, which is governed by a completely separate and different provision, CPL 440.20. Thus, it would appear that the procedures of CPL 410.80 and 410.20 were designed to facilitate supervision of the probationer to permit probation to be responsive to the probationer’s conduct. If probationer violates the terms of probation or is uncooperative, the receiving court may act to make the sentence more stringent. If the probationer demonstrates that extensive supervision is not required, then these provisions would permit the court to relax the supervision. These provisions do not seem to contemplate the illegal sentence situation. Indeed, this problem is now covered by CPL 440.60, which requires a Probation Department to advise the District Attorney in the sentencing county of an illegal sentence, so that he may investigate and make appropriate application to the sentencing court. Such approach would be consistent with the view that correction of an illegal sentence is a matter for the sentencing court and not to be brought as collateral attack, by means of an article 78 in the nature of prohibition seeking modification of conditions of probation.
It is to be noted that the Probation Department of the City of New York has no right to refuse supervision of probationer duly transferred from another county. Further, it would appear that the Department, given the facts presented herein, namely, the postsentencing dated order of conditions of probation unsigned by petitioner should have, under CPL 440.60, advised the Sullivan County prosecutorial authorities of a potential illegal sentence so that they could investigate and take appropriate action.
Accordingly, the motion to dismiss the article 78 proceeding is granted without prejudice to petitioner’s bringing an application on notice to the prosecutor before the sentencing court in Sullivan County within 30 days after service of this judgment with notice of entry. In the interim, the respondent Probation Department is directed to supervise petitioner’s probation and petitioner’s compliance with the conditions of probation enumerated *909 above are stayed pending determination of petitioner’s timely application under CPL 440.20 in accordance with this decision (CPLR 2201).