■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN A. FARKAS, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted of rape in the first degree (Penal Law § 130.35 [1]) and assault in the second degree (Penal Law § 120.05 [6]). The victim was allegedly raped and assaulted in defendant's apartment on West Main Street in Watertown on February 16, 1983. On the

next day, after being told by police investigators that he was not under arrest, defendant voluntarily accompanied the investigators to the Watertown police station. He was advised of his rights and thereafter admitted having had intercourse with the victim. He denied that he raped her but he acknowledged that during the encounter he was "forceful" and "the aggressor". At the conclusion of the interrogation, defendant was permitted to leave the police station and he was not arrested until two weeks later.

A *Huntley* hearing was scheduled for June 24, 1983, at which time the court orally granted defendant's motion to suppress the inculpatory statements made by him to the police. Thirteen days later, after jury selection had been commenced but before it was completed, the People's motion to reopen the hearing was granted and the hearing was conducted. Defendant's motion to suppress was denied and his inculpatory statements were received in evidence at trial.

On appeal, defendant contends, *inter alia,* that the court erred in granting the motion to reopen the hearing and that the evidence at the hearing demonstrated that the interrogation of him by the police violated his right to counsel. We disagree. The trial court's initial ruling suppressing defendant's inculpatory statements was made upon a mistaken understanding of the applicable law. No testimony was taken and no findings of fact or conclusions of law were made. The ruling followed a colloquy among the prosecutor, defense counsel and the court from which it appears that all were of the view that defendant's statements to the police were inadmissible under *People v Rogers* (48 NY2d 167) and *People v Bartolomeo* (53 NY2d 225) solely because the police knew that defendant was represented by counsel on a pending unrelated charge. The court granted the motion without inquiry as to whether defendant's inculpatory statements were made while defendant was in custody.

It was, and is, well settled that the *Rogers-Bartolomeo* right to counsel rule applies only to custodial interrogation *(People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904). Eliciting inculpatory statements from a suspect under noncustodial circumstances involves no violation of the right to counsel, even where the police are aware that the suspect has counsel on a pending unrelated charge *(People v Bertolo,* 65 NY2d 111, 116). Defendant's motion to suppress the statements should not have been granted without a hearing to determine defendant's custodial status at the time of the statements.

The prosecutor's motion to reopen the hearing was made

when belatedly he realized that the *Rogers-Bartolomeo* rule did not apply to noncustodial interrogation, and he so informed the court. While the prosecutor's lack of diligence in timely researching the law is not to be excused, we nevertheless conclude that the court had discretion to reopen the hearing and it was not an abuse of discretion to do so *(see, People v Sanders,* 79 AD2d 688). Neither common sense nor rule of law required the court to remain inextricably bound to an erroneous interpretation or application of the law when, as here, the People were not afforded "one full opportunity" to prove the admissibility of defendant's statements *(see, People v Payton,* 51 NY2d 169; *People v Havelka,* 45 NY2d 636) and correction of the error was accomplished without prejudice to the defendant.

The hearing court's determination that defendant was not in custody when he was interrogated by the police is supported in the record and should not be disturbed *(see, People v Yukl,* 25 NY2d 585, 588, *cert denied* 400 US 851; *People v McNeeley,* 77 AD2d 205, 208). His right to counsel had not attached and thus his inculpatory statements were properly received at trial *(see, People v Bertolo,* 65 NY2d 111, *supra; People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904, *supra).*

Defendant also contends that the evidence of physical injury (Penal Law § 10.00 [9]) was insufficient as a matter of law to support the conviction for assault in the second degree. We agree. The victim testified that defendant caused bruises to her lower back and neck during the attack. Photographs depicting two small abrasions were received in evidence. Although a physician testified that the victim complained of pain of the ovaries, there was no testimony from the victim as to any pain, nor was there an indication that medical treatment was required for the injuries. Such proof was insufficient to demonstrate that the victim suffered physical injury *(see generally, Matter of Philip A.,* 49 NY2d 198; *People v Hargrove,* 95 AD2d 864; *People v Reed,* 83 AD2d 566; *People v Morales,* 75 AD2d 745). Defendant's conviction of assault in the second degree must be reversed and the sentence imposed thereon vacated.

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Jefferson County Court, Aylward, J.—rape, first degree, and assault, second degree.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.