■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v ERNEST WHITE, Respondent-Appellant.—(1) Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered July 28, 1982, as amended October 25, 1982, convicting him of robbery in the first degree, attempted robbery in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence, and (2) appeal by the People, as limited by their brief, from so much of the same judgment, as amended, as, upon granting the defendant's motion to vacate the sentence imposed on July 28, 1982, reduced the defendant's sentence on his convictions of robbery in the first degree and attempted robbery in the first degree from concurrent terms of 7½ to 15 years and 5 to 15 years' imprisonment to two concurrent terms of 4½ to 13½ years' imprisonment.

Judgment, as amended, reversed insofar as appealed from by the People, on the law, motion to vacate the sentence imposed on July 28, 1982, denied, and sentence imposed on July 28, 1982, reinstated in its entirety. Judgment, as amended, affirmed insofar as appealed from by the defendant.

A review of the record shows that the defendant received meaningful representation from his trial counsel *(see, People v Baldi,* 54 NY2d 137), who, despite the overwhelming evidence against the defendant, produced an alibi witness, adequately cross-examined the People's witnesses and raised appropriate objections throughout the trial. With respect to defense counsel's failure to cross-examine the complaining witnesses extensively in order to elicit possible weaknesses in their testimony, defense counsel, at the People's request, explained in camera the purpose of limiting the areas of inquiry with respect to these witnesses. It is well settled that mere unsuccessful trial tactics, when viewed in hindsight, will not render the legal representation of the defendant constitutionally infirm *(see, People v Lane,* 60 NY2d 748; *People v Baldi, supra).*

The trial court properly denied the defendant's request to charge grand larceny, petit larceny and attempted grand larceny as lesser included offenses of the first degree robbery and attempted robbery counts since there was no reasonable view of the evidence to support a finding that the defendant stole or attempted to steal property from the complainants without the use of force *(see, People v Glover,* 57 NY2d 61). Nor was there a rational basis by which the jury could reject the testimony of the People's witnesses regarding the display of a revolver yet accept that the defendant committed the theft *(see, People v Blim,* 63 NY2d 718).

On a related point, it cannot be said that the jury's verdict was inconsistent or repugnant. First, since the defendant did not argue this issue before the jury was discharged, he failed to preserve the same for review *(see, People v Stahl,* 53 NY2d 1048; *People v Howard,* 107 AD2d 712). In any event, the jury could have found that the defendant committed robbery and attempted robbery in the first degree by displaying what appeared to be a revolver without also finding that he was guilty of criminal possession of a weapon in the second degree, since the latter offense has additional elements not present in the former *(see, People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for review.

Criminal Term did not have the power to modify a legally imposed sentence which it had rendered three months previously, even though the defendant's sentence had concededly not commenced *(see,* Penal Law § 70.30 [1]), since the term of

the court in which the original judgment was pronounced had already ended *(see, Matter of Cedar,* 240 App Div 182, *affd* 265 NY 620; *accord, People v Sanacory,* 248 App Div 631, *affd* 272 NY 573, *cert denied* 299 US 600). Nor have any special circumstances been shown which would warrant downward modification of the sentence *(see, People v Ozarowski,* 87 Misc 2d 607; *cf. People v Rutkowsky,* 101 Misc 2d 740). Therefore, Criminal Term erred in granting the defendant's motion to vacate the sentence imposed on July 28, 1982. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.