■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BALLENGER, Also Known as JAMES BALLINGER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered May 11, 1984, convicting him of unlawful imprisonment in the first degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, the court did not abuse its discretion in promptly reopening the suppression hearing to take evidence on the issue of probable cause, as the record demonstrates that the defendant's omnibus motion did not seek suppression of his statements on the ground of an illegal arrest, and the prosecution was entitled to elicit testimony on this issue in response to defense counsel's hearing arguments concerning an alleged lack of probable cause *(see generally, People v Farkas,* 116 AD2d 983).

Similarly unavailing is the defendant's claim that the complainant's trial testimony was incredible as a matter of law. While the challenged testimony contained some factual inconsistencies, these discrepancies were properly presented to the jury as the arbiter of the complainant's credibility, and we

perceive no basis in the record for disturbing its resolution of this issue *(see, e.g., People v Russo,* 118 AD2d 740, *lv denied* 67 NY2d 1056; *People v Reyes,* 118 AD2d 666, *lv denied* 67 NY2d 1056; *People v Herriot,* 110 AD2d 851).

We further find that the trial court properly denied the defendant's motion for a missing witness charge with respect to an eyewitness to the crime. The witness was not under the control of the prosecution, as the record establishes that she testified for the People before the Grand Jury under subpoena and that separate Grand Jury proceedings were subsequently commenced against her *(see generally, People v Gonzalez,* 68 NY2d 424). Moreover, the prosecution demonstrated that the witness could not be located at the time of trial despite the diligent efforts of the police and the District Attorney's office; hence, her unavailability was sufficiently established and a missing witness charge would have been inappropriate under such circumstances *(see, People v Gonzalez, supra; People v McCullers,* 119 AD2d 835, *lv denied* 68 NY2d 758).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Thomas,* 50 NY2d 467) or without merit. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.