■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSADO, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Rosato, J.), rendered February 3, 1984, convicting him of petit larceny and promoting prison contraband in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried, along with his codefendant, for burglary in the second degree, petit larceny and promoting prison contraband in the second degree in connection with an incident which occurred while the defendant and the codefendant, who were incarcerated at the Otisville Correctional Facility, were on a community work detail outside the prison grounds. They were acquitted of the burglary in the second degree charge while convicted of petit larceny and promoting prison contraband in the second degree in connection with jewelry stolen from a nearby home and discovered on the persons of the defendant and his codefendant as they were strip-searched prior to being permitted to reenter the prison facility.

The defendant contends that the jury's verdict was repugnant. Since he did not argue this issue before the jury was discharged, it is unpreserved for appellate review *(see, People v Alfaro,* 66 NY2d 985; *People v White,* 121 AD2d 762, *lv denied* 68 NY2d 774). In any event, the jury, as charged, could have found that the defendant committed the crime of petit larceny, i.e., that he took jewelry from its rightful owner with intent to permanently appropriate it to himself, without finding that he unlawfully entered her house with the intent to commit a crime therein, and thus committed burglary in the second degree, since the elements of the latter offense are completely different from those of the former *(see, People v Guevara,* 143 AD2d 1042 [decided herewith]; *People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039; *People v White, supra,* at 763).

With one exception, the defendant did not object to the prosecutor's remarks in summation and the issue of law with respect to the propriety of those remarks is, therefore, for the most part, unpreserved for our review (see, People v Dordal, 55 NY2d 954, rearg dismissed 61 NY2d 759). In any event, the contention that the prosecutor's terming him a "liar" on several occasions deprived him of a fair trial is without merit. The remarks, although improper, taken in context, could scarcely be characterized inflammatory, and, in light of the overwhelming evidence of the defendant's guilt, coupled with a virtually error-free trial, were not unduly prejudicial (see, People v Brosnan, 32 NY2d 254; cf., People v Butler, 57 AD2d 931).

The imposition of consecutive sentences was not improper since the offenses of which the defendant was convicted were separate and distinct acts, neither containing an element of the other (see, People v Brathwaite, 63 NY2d 839, 843; People v Sanbolin, 133 AD2d 654, lv denied 70 NY2d 937). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.