■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 23, 1986, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At trial, the manager of a Woolworth's store in Hempstead testified that the defendant, after waiting on a check-out line for several minutes, seized a sum of money from an open cash register and fled. The manager pursued him and, despite the defendant's threats of violence during the pursuit, succeeded in capturing the defendant only moments after the crime. At an on-the-scene showup which occurred within 30 minutes of the offense, a cashier who witnessed the incident identified the defendant as the perpetrator. The defendant, a parolee at the time of the offense, was immediately arrested. A parole revocation hearing was then scheduled. On the night before the defendant's parole revocation hearing, the manager of the store, who was scheduled to testify against the defendant, was abducted by several individuals who handcuffed and blindfolded him and threatened to kill him if he testified. As a

result, the defendant was charged in a separate indictment with, *inter alia,* kidnapping in the second degree in addition to the offenses of robbery in the third degree and grand larceny in the third degree charged in the initial indictment. The trial court thereafter granted the People's motion to consolidate the indictments. The defendant subsequently was convicted of robbery in the third degree and grand larceny in the third degree and was acquitted of all other charges.

The defendant's contention that the consolidation of the indictments constituted error is unavailing. CPL 200.20 (2) (b) provides that separate offenses, even though based upon different criminal transactions, are joinable when they are of such nature that proof of one of the offenses would be material to and admissible as evidence-in-chief upon a trial on the other. These criteria were satisfied in the instant case, as proof that the defendant committed the robbery tended to establish a motive for the commission of the alleged kidnapping and therefore was both material and relevant to that charge *(see, People v Bongarzone,* 69 NY2d 892; *People v Lane,* 56 NY2d 1). Additionally, the defendant's claim that he suffered prejudice as a result of the joinder is belied by the fact that he was acquitted of all the charges arising from the alleged abduction of the store manager.

We find unpersuasive the defendant's contention that the showup procedure was improper and warranted suppression of the identification testimony. As we have noted under similar circumstances, "showups which are conducted shortly after the commission of a crime and in close proximity to the crime scene are considered appropriate means by which to secure swift, reliable identifications" *(People v Pinkney,* 139 AD2d 772; *see, People v Hicks,* 68 NY2d 234; *People v Hampton,* 129 AD2d 736). Moreover, we find that the showup identification procedure employed in this case was not so impermissibly suggestive as to create a substantial likelihood of irreparable misidentification *(see, People v Brnja,* 50 NY2d 366). In any event, any potential error must be deemed harmless in view of the hearing court's conclusion that the cashier had an independent basis for the in-court identification of the defendant, a finding which is amply supported by the hearing record.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the third degree and grand larceny in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the

verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that he was entitled to a hearing as to whether certain physical evidence which was recovered from his person by the police should be suppressed is unpersuasive, as the record reveals that he did not request such a hearing at any point before or after the testimony regarding the recovery of the physical evidence was introduced at trial *(see, e.g., People v Wachtel,* 124 AD2d 613). In any event, we find any error resulting from the admission of this evidence harmless in view of the overwhelming proof of the defendant's guilt with respect to the robbery and grand larceny charges.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.