■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL W. TALMON, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment convicting him of felony murder, robbery in the first degree and manslaughter in the second degree, defendant contends that his confession was obtained in violation of his right to counsel. It is undisputed that prior to interviewing defendant, the police were aware that he was represented by counsel on a pending unrelated criminal charge. The police, however, complied with the advice of an Assistant District Attorney that any interview of defendant should be conducted in a "noncustodial atmosphere" and that defendant should not be taken into custody. It is well settled that eliciting inculpatory statements from a suspect under noncustodial circumstances involves no violation of the right to counsel where, as here, the police are aware that the suspect has counsel on a prior unrelated charge *(People v Bertolo,* 65 NY2d 111, 116; *People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904). Defendant was questioned in a friend's apartment, advised of his *Miranda* rights, informed that he was not under arrest and could leave if he so desired, and there is no indication of any threats, force or restraint. Thus, the record supports the suppression court's determination that defendant's admissions were elicited in a noncustodial atmosphere and were admissible at trial.

We have reviewed the remaining claims of error raised in both appellate counsel's brief as well as those in defendant's *pro se* brief and find them to be without merit. (Appeal from judgment of Erie County Court, La Mendola, J.—murder, second degree, and other charges.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.