■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered March 19, 1987, convicting him of burglary in the second degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was apprehended in a stolen vehicle. After *Miranda* warnings were given, the defendant was questioned by the police and signed a statement admitting complicity in a burglary. In his statement the defendant admitted that the same stolen vehicle was used in the commission of the burglary. The defendant argues that the court erred in denying his motion to sever the two counts of the indictment charging him with criminal possession of stolen property and burglary. We disagree.

Discretionary severance is authorized only when two offenses are joined pursuant to CPL 200.20 (2) (c). Here, however, the offenses were joinable under CPL 200.20 (2) (b), which authorizes joinder when proof of one offense would be material and admissible as proof of the second offense. Thus, the court was without discretion to sever the counts of the indictment *(see, People v Bongarzone,* 69 NY2d 892; *People v Lane,* 56 NY2d 1; *People v Chapman,* 145 AD2d 642; *People v Jackson,* 144 AD2d 488; *People v Andrews,* 109 AD2d 939; *People v Christopher,* 101 AD2d 504).

The defendant's contention that the court improperly imposed consecutive sentences is also meritless. It is well estab-

lished that consecutive sentences are authorized when the offenses are for "separate and distinct acts, neither containing an element of the other" *(People v Rosado,* 143 AD2d 1061, 1062; Penal Law § 70.25 [2]; *see, People v Day,* 73 NY2d 208). Because the elements of the offenses here involve acts which are separate and distinct, the court did not improvidently exercise its discretion in imposing consecutive sentences. We do not agree with the defendant's contention that the sentences are excessive *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.