■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY BELLAMY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered July 30, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements allegedly made by him to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The hearing court did not err in denying the defendant's motion to suppress the statements he allegedly made to law enforcement officials on the ground that he was represented by counsel on other pending charges at the time he made those statements *(see, People v Bertolo,* 65 NY2d 111, 116), as the statements were not the result of custodial interrogation *(see, People v Bertolo, supra; People v Talmon,* 152 AD2d 918). In any event, the defendant failed to establish at the hearing

that he was, in fact, represented by counsel at the time the statements were made.

Moreover, we reject the defendant's contention that CPL 450.10 and 450.15, which authorize an appeal from an order denying a motion to vacate a judgment of conviction (see, CPL art 440) only by permission, are unconstitutional (see, NY Const, art VI, § 4 [k]). As this court has recently held, "a motion pursuant to CPL 440.10 to vacate a judgment on the ground of ineffectiveness of counsel, like an order denying a common-law writ of error coram nobis, is an 'intermediate order', an appeal from which may be limited or conditioned (see, People v Gersewitz, 294 NY 163, cert dismissed 326 US 687; mem of State Exec Dept, 1971 McKinney's Session Laws of NY, at 2463; cf., People v Pollenz, 67 NY2d 264)" (People v Ghee, 153 AD2d 954).

However, we conclude that the matter must be remitted for resentencing. On the date originally set for sentencing, the Judge, after denying both defense counsel's and the defendant's requests for an adjournment, sentenced the defendant to the minimum permissible term of imprisonment for murder in the second degree. Later that day, the Judge recalled the case, vacated the sentence imposed, and granted the defendant an adjournment in order to retain new counsel, stating:

"Mr. Bellamy, after going upstairs I kind of thought about your situation.

"And I think it would be best if I re-sentence you on Monday and have an experienced Legal Aid attorney here to represent you, so that there be no misconception as to what the sentence is and what's going to happen."

More than three months later, the defendant was again produced for sentence. The same Judge then imposed the maximum permissible term of imprisonment for murder in the second degree. Although he was asked to do so, the Judge failed to put on the record any indication as to why he believed the defendant was now entitled to the maximum permissible sentence when he had previously believed that imposition of the minimum permissible sentence was warranted.

While the Judge had the authority to vacate the sentence that he had imposed earlier that day (cf., Matter of Cedar, 240 App Div 182, affd 265 NY 620; People v White, 121 AD2d 762), we conclude that the defendant's right to due process of law was violated when the Judge imposed a more severe sentence on the second sentencing date without offering any justifica-

tion for doing so *(see, North Carolina v Pearce,* 395 US 711, 725-726; *People v Williams,* 34 NY2d 657). Accordingly, the matter is hereby remitted for resentencing, where the sentencing Judge may, if he be so disposed, impose a sentence of imprisonment greater than that originally imposed, providing he places on the record objective justification for doing so *(see, North Carolina v Pearce, supra; People v Williams, supra).*

We do not, of course, pass upon any issue of excessiveness in the event of the imposition of a sentence greater than the minimum authorized *(see,* CPL 470.15 [6] [b]). Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.