■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 20, 1985, convicting him of rape in the first degree (four counts), sodomy in the first degree (two counts), and sexual abuse in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court marshaled the evidence in an uneven manner has not been preserved for our review (see, CPL 470.05 [2]; People v Hatzpavlou, 157 AD2d 852; People v Udzinski, 146 AD2d 245, 248-252). In any event, this claim is meritless. Although trial courts must explain the application of the law to the facts, they need not refer to all of the evidence or explain all the inconsistencies therein (CPL 300.10 [2]; People v Saunders, 64 NY2d 665, 667). Considering that the court in the instant case clearly set forth the parties' general contentions, and in light of the relative brevity of the case, it cannot be said that any omission of certain isolated facts from the charge deprived the defendant of a fair trial (see, People v Williamson, 40 NY2d 1073, 1074; People v Gray, 144 AD2d 483; People v McDonald, 144 AD2d 701; People v Richardson, 117 AD2d 825).

We also disagree with the defendant's contention that the imposition of consecutive sentences on each of the rape counts was impermissible. The record clearly demonstrates that each count of rape concerned a separate and distinct series of acts, each of which constituted a separate crime *(see, People v Day,* 73 NY2d 208, 212; *People v Williams,* 155 AD2d 568; *People v Mabry,* 151 AD2d 507; *People v Callace,* 143 AD2d 1027). Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.