■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 2, 1988, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. Four witnesses testified that they saw the defendant with a gun, and two of those witnesses testified that they saw the defendant shoot the gun at two fleeing individuals. The defendant contends that the prosecution witnesses were unworthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless

clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the court marshaled the evidence in an uneven manner is without merit. The critical issue in reviewing a charge is always whether any deficiency by the court denied the defendant a fair trial *(see, People v Saunders,* 64 NY2d 665, 667; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047). Considering that the particular instruction at issue was entirely appropriate, it cannot be said that the defendant was denied a fair trial *(see, People v Thomas,* 166 AD2d 624).

Finally, the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.