■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHUNN, Appellant.—Appeal by the defendant, as limited by his motion, from (1) an amended sentence of the Supreme Court, Queens County (Friedmann, J.), imposed April 18, 1990, revoking a sentence of the same court imposing two concurrent terms of one to three years imprisonment, upon his conviction of criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree under Indictment No. 4296/86, the amended sentence being concurrent terms of imprisonment of 5 to 15 years and 2⅓ to 7 years, respectively, and (2) an amended sentence of the same court, also imposed April 18, 1990, revoking a sentence of the same court imposing a term of one to three years imprisonment, upon his conviction of criminal sale of a controlled substance in the third degree under Indictment No. 748/87, the amended sentence being 5 to 15 years, to run concurrently with the sentence imposed under Indictment No. 4296/86.

Ordered that the amended sentences are vacated, on the law, and the sentences imposed on June 25, 1987, are reinstated in their entirety.

The defendant contends that the Supreme Court erred in amending the original legal sentences which, although imposed nearly three years earlier, had never commenced. We agree. The Criminal Procedure Law is silent on the power of the court to change a legal sentence prior to the commencement of the term or period of the sentence *(see, People v Ozarowski,* 87 Misc 2d 607; *People v Piela,* 79 Misc 2d 885, 887), but it is settled law that "the court has power, within definitely prescribed limits, to reconsider its judgment and to vacate, modify or amend it by reducing or increasing a sentence imposed" provided that such power is *"exercised at the term or session of the court at which the judgment was pronounced" (Matter of Cedar,* 240 App Div 182, 186, *affd* 265 NY 620). At bar, however, the term of the court at which the original sentences were pronounced had clearly ended *(see,* 22

NYCRR 200.2 [a]), and the Supreme Court thus lacked authority to modify the sentences it had legally imposed on June 25, 1987 *(see, Matter of Cedar, supra; People v White,* 121 AD2d 762; *cf., People v Bellamy,* 160 AD2d 886). Mangano, P. J., Harwood, Eiber, Copertino and Santucci, JJ., concur.