■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MENDEZ, Appellant. [595 NYS2d 75] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered April 6, 1992, convicting him of attempted grand larceny in the third degree (two counts),

criminal mischief in the third degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, *inter alia,* with attempting to steal two automobiles. Prior to the trial, the court ruled that the prosecutor would not be permitted to ask the defendant about the facts underlying six prior felony convictions arising out of automobile thefts, and an additional misdemeanor conviction, but would be allowed to ask the defendant the dates of those convictions and whether the convictions were for crimes classified as felonies or misdemeanors. The court also held that the prosecutor could inquire into the underlying facts of a misdemeanor assault conviction. Contrary to the defendant's contention, we find that the trial court's *Sandoval* ruling did not constitute an improvident exercise of its discretion *(see, People v Pavao,* 59 NY2d 282, 292; *People v Gamble,* 182 AD2d 703, 704; *People v Aguilera,* 156 AD2d 698, 699; *People v Ortiz,* 143 AD2d 107; *People v Torres,* 110 AD2d 794).

The defendant's remaining contentions regarding alleged improper comments by the prosecutor during summation are largely unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Rosado,* 143 AD2d 1061, 1062), and, in any event, do not warrant a new trial *(see, People v Crimmins,* 36 NY2d 230; *People v Fanfair,* 176 AD2d 958; *People v Rosado, supra).* Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.